UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Thomas RICHARDSON,
Defendant–Appellant.

No. 80–1634.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 25, 1980.

Decided Sept. 29, 1980.

Mark E. Griffin, Asst. Federal Public Defender, Portland, Or., on brief, for defendant–appellant.

William W. Youngman, Asst. U. S. Atty., Peter Robinson, Sp. Asst. U. S. Atty., Portland, Or., on brief, for plaintiff–appellee.

Before WALLACE, SCHROEDER and BOOCHEVER, Circuit Judges.

PER CURIAM:

Richardson appeals from a judgment of civil contempt filed August 26, 1980. He was committed to federal custody until he testified before the grand jury pursuant to immunity or for the duration of the grand jury, but in no event for over eighteen months. We affirm.

■ Richardson argues that there was a failure to give adequate notice of the contempt hearing. There was no objection to going forward made to the district judge on the grounds of lack of preparation. He may not complain now. *See In re Liberatore*, 574 F.2d 78, 81–82 (2d Cir. 1978).

He next charges that there was insufficient evidence to support the finding of contempt. The argument is frivolous. Whether Richardson refused to answer the questions was not in dispute.

■ Finally, Richardson claims the judgment impermissibly interfere with his state sentence. On July 23, 1980, he was taken from a Minnesota state prison and brought before the district court pursuant to a writ of habeas corpus ad testificandum. We find the argument without merit.

Richardson relies upon *In re Liberatore, supra*, for the proposition that a federal civil contempt cannot interrupt a state criminal sentence. Here, as distinguished from *Liberatore*, the district judge did not order the state sentence suspended while he remained in federal custody. The district judge did make an oral statement pertaining to suspension but the written judgment does not contain any such reference. It is the written order that is before us. We need not, therefore, decide whether we would agree with the Second Circuit had such a provision been included.

Richardson also contends that his program of rehabilitation will be interfered with while he is in federal custody. That

price he must pay for his contempt of court. He is free to purge himself and resume his rehabilitation program.

AFFIRMED.